IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11400
Summary Calendar
_____

LAWFINDERS ASSOCIATES, INC., a Texas corporation;
LAWFINDERS ASSOCIATES, INC., a New York corporation;
LAWFINDERS ASSOCIATES, INC., a Delaware corporation,

Plaintiffs-Appellants,

versus

LEGAL RESEARCH CENTER, Inc.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:98-CV-1766-D)
_____

August 23, 1999

Before REAVLEY, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

In this action for misappropriation of trade secrets, breach of contract, false designation of origin, and dilution of a service mark, plaintiffs-appellants Lawfinders Associates, Inc., a Texas corporation, Lawfinders Associates, Inc., a New York corporation, and Lawfinders Associates, Inc., a Delaware corporation (collectively "Lawfinders") appeal the district court's November 4, 1998 order denying Lawfinders' motion for a preliminary injunction against defendant-appellee Legal Research Center, Inc. ("LRC") and dissolving the temporary restraining order entered by the Texas state court before this case was removed. We affirm.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The relevant facts and applicable legal principles are set forth in the district court's memorandum opinion and order. The district court held that Lawfinders failed to establish a substantial likelihood of success on the merits of each of its four claims: misappropriation of trade secrets; breach of contract; false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and dilution of its service mark under the Texas Anti-Dilution Act, TEX. BUS. & COM. CODE ANN. § 16.29 (West Supp. 1999). Lawfinders' primary contention on appeal is that the district court misconstrued the applicable Texas trade secret and unfair competition law and, as a result, erroneously determined that Lawfinders' alleged "trade secrets" were in the public domain and therefore were not entitled to trade secret protection and were not covered by the parties' confidentiality agreement. Lawfinders also asserts that the district court erred in making factual findings unsupported by the record. Lawfinders does not challenge the district court's decision as it relates to the Lanham Act and state anti-dilution claims.

We review the denial of a preliminary injunction for an abuse of discretion. *See Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998).

> A preliminary injunction is an extraordinary equitable remedy that may be granted only if the plaintiff establishes four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. These four elements are mixed questions of law and fact. Accordingly, we review the factual findings of the district court only for clear error, but we review its legal conclusions *de novo*. Likewise, although the ultimate decision whether to grant or deny a preliminary injunction is reviewed only for abuse of discretion, a decision based on erroneous legal principles is reviewed *de novo*.

*Id.* (quoting *Sunbeam Prods., Inc. v. West Bend Co.*, 123 F.3d 246, 250 (5th Cir. 1997)). Whether a purported trade secret is in fact secret is a question of fact. *See Lehman v. Dow Jones & Co.*, 783 F.2d 285, 298 (2d Cir. 1986); *K-2 Ski Co. v. Head Ski Co.*, 506 F.2d 471, 474 (9th Cir. 1974); *Nickelson v. General Motors Corp.*, 361 F.2d 196, 199 (7th Cir. 1966).

Lawfinders' principal argument on appeal is that, in analyzing the "secrecy" aspect of the trade secret analysis, the district court applied an incorrect legal standard when it concluded that

2

Lawfinders' alleged trade secrets were in the public domain. Specifically, Lawfinders complains that the district court erroneously interpreted Texas trade secret law to hold (1) that *all* information related to the purported trade secret, including any underlying confidential methodologies, formulas, or strategies, is in the public domain if *any aspect* of that information is disclosed to a third party, and (2) that "by placing a service on sale to the public, a company loses all right to protect the formulations and methodologies that go into providing that service." This argument is without merit because the district court did not adopt such an interpretation of Texas trade secret law and because Lawfinders did not seek trade secret protection for all of its underlying confidential methodologies and formulations as it now suggests on appeal. Rather, Lawfinders sought trade secret status for four discrete pieces of information: (1) the formulation of its results-based guarantee—that it will honor its guarantee "only when the appellate court decides against a party in its entirety"; (2) the formulation of its fee financing program; (3) two of its risk management formulations;[1] and (4) its direct response marketing strategy. *See* Pl.'s Br. in Supp. of Prelim. Inj. at 18-24; R. Vol. 1 at 202A-208. In its reply brief to the district court, Lawfinders further asserted that the unique combination of the above information constitutes a trade secret. *See* Pl.'s Reply Br. at 8-9; R. Vol. 2 at 353-54. In its thorough, well-reasoned, twenty-six page opinion and order, the district court correctly set forth and applied the relevant trade secret law and correctly concluded that Lawfinders' purported trade secrets were in the public domain.

Lawfinders also argues that the district court erred in concluding that information contained in its retainer letters was in the public domain because Lawfinders "produced no evidence that its customers have a non-disclosure obligation or a duty of confidentiality with

---

[1] The two risk management formulations or strategies that Lawfinders purports to be trade secrets are (1) the manner in which Lawfinders formulates its retainer agreements and structures its arrangements with clients to avoid ethical violations by including provisions that Lawfinders works directly for its attorney customer and has no relationship or dealings with the lay client; and (2) the information that use of a results-based guarantee will reduce a customer's reluctance to pay a fixed-fee in full in advance. *See* Pl.'s Br. in Supp. of Prelim. Inj. at 22-23; R. Vol. 1 at 206-07.

respect to the retainer letters." Lawfinders points to evidence in the record that two attorneys who executed the retainer agreements treated the letters as confidential and further asserts that an implied duty of confidentiality and non-disclosure exists because the retainer letters are protected by the attorney-client privilege. We disagree. First, the fact that two of Lawfinders' attorney-clients happened to treat the letters as confidential is not evidence that Lawfinders itself imposed a duty of confidentiality on the recipients. On this record, the district court's finding that Lawfinders did not impose a duty of confidentiality on the recipients of the retainer letters was not clearly erroneous and supports the conclusion that information contained therein was in the public domain. Second, the attorney-client privilege does not protect the type of information contained in the retainer letters. *See, e.g., United States v. Davis*, 636 F.2d 1028, 1043-44 (5th Cir. Unit A Feb. 1981) (stating that attorney-client privilege only extends to communications related to the rendition of *legal* advice and holding that "[f]inancial transactions between the attorney and client . . . are not within the privilege"). Moreover, even assuming the attorney-client privilege applies, that privilege would belong to the ultimate lay client, who is completely free to disclose the information.

Lawfinders also argues that the district court erred in finding that LRC had not used one of Lawfinders' risk management formulations—the idea that using a results-based guarantee will reduce customer reluctance to pay fees in advance and thereby reduce accounts receivable. Lawfinders disputes the district court's statement that it "introduced no evidence that LRC is using this information in any way" and asserts that the district court ignored evidence that LRC coupled an offer to participate in its guaranteed appellate brief service with a requirement of advance payment in full. This evidence consists of (1) a June 15, 1998 retainer letter from LRC to a prospective client offering to accept the project under LRC's Appellate Brief Guarantee and requiring full payment in advance, and (2) an accompanying invoice. *See* Pl.'s App. to Br. in Supp. of Prelim. Inj. at 654-55. But, as LRC points out, in its argument to the district court, Lawfinders failed to cite to these documents as evidence that LRC had used the information. *See*

4

Pl.'s Br. in Supp. of Prelim. Inj. at 16-24; R. Vol. 1 at 201-08. These documents were buried in the Appendix to Lawfinders' brief in support of its motion, which contained over one thousand pages of documents. Because the district court was not required to comb through Lawfinders' voluminous appendix in search of evidence on this element, the district court's finding was not clearly erroneous.

Moreover, even if we assume that the district court erred in finding that LRC had not used Lawfinders' second risk management formulation, the information simply does not constitute a protectible trade secret since it does not "'possess at least that modicum of originality which will separate it from everyday knowledge.'" *Phillips v. Frey*, 20 F.3d 623, 628 (5th Cir. 1994) (quoting *Cataphote Corp. v. Hudson*, 444 F.2d 1313, 1315 (5th Cir. 1971)). The idea that a money-back guarantee will reduce customer reluctance to pay in full in advance is nothing more than common sense general business knowledge, which is not entitled to trade secret protection. *See Cataphote Corp.*, 444 F.2d at 1315-16 ("Where a process or idea is so common, well known or readily ascertainable that it lacks all novelty, uniqueness and originality, it necessarily lacks the element of privacy necessary to make it legally cognizable as a trade secret.").

As for Lawfinders' remaining arguments, after reviewing the parties' briefs, the record, and the relevant authorities, we conclude that those arguments are also without merit. The district court's ruling that Lawfinders failed to demonstrate a substantial likelihood of success on the merits of its claims was grounded upon a correct analysis of the applicable legal principles and supported by factual findings that were not clearly erroneous. Consequently, the district court did not abuse its discretion by denying Lawfinders' motion for a preliminary injunction.

AFFIRMED.

5